DAVIS, MOODY & CO. *v.* JOHN H. WILEY.

[Abstract Kentucky Law Reporter, Vol. 3—755.]

**Waiver of Right to Object to Defective Pleading.**

Where a defendant in the trial court has a cause of demurrer to the petition on account of any defect, imperfection or omission, and fails or refuses to make the objection and permits the trial to be had upon the issues thus imperfectly joined, he should not be heard in the Court of Appeals after verdict to make the objection if the issue formed be such as necessarily required proof on the trial of the facts thus defectively or imperfectly stated. The verdict cures the defect.

**Statute of Frauds.**

To take a case out of the statute of frauds it is necessary that the promise by a third person to answer for the debt of another shall be made, not to the creditor, but to the debtor. Where a parol promise to pay the debt of another is relied upon for recovery it must be clearly stated who made the promise and to whom it was made; and the pleading failing to make such allegations, there is a failure to

allege facts sufficient to constitute a cause of action or to fix the liability of the persons sued. Such defects can not be cured by the verdict of a jury.

## APPEAL FROM JEFFERSON CIRCUIT COURT.

### April 1, 1882.

OPINION BY JUDGE LEWIS:

When the opinion in this case was delivered the attention of the court was directed by appellants' counsel to a defect in the petition in the failure of the plaintiff in the action to allege there was a consideration for the promise upon which the action is founded. Our attention was not then, but is now for the first time, called to the failure of plaintiff to properly allege that such promise or agreement was in fact made by the defendants. We were then and are now of the opinion that, though it was not in terms, it was imperfectly alleged that there was a consideration, the allegation being that the defendants were the successors of the preceding firms, and as such made the promise or agreement to pay the debts sued on.

When a defendant in the court of original jurisdiction has a cause of demurrer to the petition on account of any defect, imperfection or omission and fails or refuses to make the objection, and permits the trial to be had upon the issues thus imperfectly presented, he should not be heard in this court to make the objection if the issue formed be such as necessarily required on the trial proof of the facts thus defectively or imperfectly stated. To depart from this rule and encourage a contrary practice would not serve the ends of justice, but needlessly procrastinate and increase the expenses of litigation. Therefore, assuming in the opinion delivered, as we now perceive we erroneously did, that the promise or agreement by the defendants to pay the two debts sued on, which is the foundation of the action, was properly and sufficiently set out in the petition, we held that the question of consideration therefor was presented and considered, and that the defect in the petition in failing to properly allege the consideration must be considered as cured by the verdict.

The action is founded upon the alleged parol promise or agreement by the defendants to pay the two debts sued on.

The first debt is upon a promissory note given to the plaintiff by the firm of Davis, Storts & Co. It is stated in the first paragraph of the petition that the defendants, Geo. E. Moody, John Mangold and John Mitchell, compose the firm of Davis, Moody & Co., and are the successors of Wm. Davis, George E. Moody, John Mangold and John Mitchell, who did business under the same name of Davis, Moody & Co. "It further states that the firm of Davis, Moody & Co. were the successors of Davis, Storts & Co., and that the firm of Davis, Moody & Co. agreed to pay the debts of Davis, Storts & Co. and all the former debts of Davis, Moody & Co."

To take the case out of the statute of frauds it is necessary that the promise by a third person to answer for the debt of another shall be made not to the creditor, but to the debtor. There is no allegation that the promise or agreement to pay the debt was made to or with the firm of Davis, Storts & Co., who gave the note, nor is it distinctly stated that it was made to or with the first firm of Davis, Moody & Co., or that the firm of Davis, Moody & Co. promised or agreed to pay the debt.

If an inference is to be drawn from the language used in the petition, and relied upon for recovery, the most reasonable one and the one used as a regular rule is that the promise was made to the plaintiff himself. If it was the action can not be maintained at all. If it be assumed that the promise was made to the first named firm of Davis, Moody & Co., then no cause of action is stated, because there is no allegation that that firm ever promised or agreed with Davis, Storts & Co., or was bound to pay the debt. The promise must be made to the debtor, or to the person who is legally bound to pay the debt.

Neither the language of the petition nor the relation shown to exist between the defendants and Davis, Storts & Co. authorize the assumption that the promise relied upon was made by the defendants to that firm. Though a parol promise to pay the debt of another is relied upon for recovery, it is not clearly and unambiguously stated who made the promise, nor is it stated at all to whom the promise was made. So that as respects both the subject matter and the parties, there is a failure to allege facts sufficient to constitute a cause of action, or to fix the liability of the person sued. Such defects can not be cured by the verdict of a jury.

The second paragraph of the petition is equally defective. It is stated that the debt is upon a note given by the first named firm of Davis, Moody & Co. to the plaintiff in the action, and that "the firm of Davis, Moody & Co. as it is now composed, and as the successor of Davis, Moody & Co. as it formerly stood, was bound to pay said note, as it agreed to settle the former debts of Davis, Moody & Co. It is not stated to whom the promise was made, nor, except as a conclusion of law, is it stated at all that any person made the promise.

Therefore, a rehearing is granted, judgment of the court below *reversed* and cause remanded with directions to set aside the verdict and grant appellant a new trial and for further proceedings consistent with this opinion.

*Russell & Helm*, for appellants.

*Rodman & Brown*, for appellee.

[Followed, *Cooper v. Nelson*, 12 Ky. L. 890; cited, *Garth v. Davis*, 120 Ky. 106, 27 Ky. L. 505, 85 S. W. 692, 117 Am. St. 571.]